## G. W. McCoy *v.* The State.

1. Verdict. — It is now elementary that bad spelling does not vitiate a verdict which has the requisites of certainty and intelligibility; and the rule is well established that verdicts are to have a reasonable intendment and to receive a reasonable construction, and are not to be avoided save from necessity originating in doubt of their import, or immateriality of the issue found, or their manifest tendency to work injustice.

2. Same. — In a verdict of conviction for rape the punishment was assessed at "a five years in the State prisin." *Held,* a sufficient verdict. The word "a" may be eliminated as surplusage without vitiating the verdict, and the "State prison" necessarily means the State penitentiary.

3. Charge of the Court. — In its introductory clause the charge inadvertently stated that the offence was alleged to have been committed in 1879, whereas the indictment laid the year as 1878. Subsequent clauses, however, repeatedly referred the jury to the indictment for the time alleged therein. *Held,* that the mistake could not possibly have misled the jury, or in any wise have prejudiced any right of the defendant.

Appeal from the District Court of Somervell. Tried below before the Hon. T. L. Nugent.

The jury found the defendant guilty, and assessed his punishment at five years in the State penitentiary.

*J. J. Farr* and *Reaves & Dodd*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J.   Appellant was indicted, tried, and convicted of rape, and his punishment affixed at five years in the penitentiary.   A motion was made to quash the indictment, which was properly overruled because the indictment charges the offence in plain and intelligible words, and is sufficient in every respect when tested by the well-established precedents.   It is unnecessary that we should cite authorities; they are to be found in nearly every volume of our State reports, and appellant has not cited a single authority in support of his motion to quash.

Exception is taken to the sufficiency of the verdict.   The verdict is in these words: "We, the jury, find the defendant guilty, and assess his punishment *a* five years in the State prisin."   The rule is now elementary that bad spelling will not vitiate a verdict when it has the requisites of being certain and intelligible.   See the whole subject discussed, and authorities collated and discussed, in *Taylor* v. *The State*, 5 Texas Ct. App. 569.

"Verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided unless from necessity originating in doubt of their import, or immateriality of the issue found, or their manifest tendency to work injustice."   *Taylor's Case, supra.*

Two objections are urged to this verdict: —

1. That the article "a" is used instead of and where the preposition "at" is necessary to make the sense complete.

2. The punishment is fixed in the "State prisin," a place not known to the laws of Texas.

With regard to the first objection, it is clear that the writer, in framing the verdict, omitted the letter "t" inadvertently; but, if necessary, the article "a" as used in the verdict could be treated as surplusage, and the verdict

would, if it were eliminated, be sufficiently certain and intelligible. *Curry* v. *The State*, decided at the present term, *ante*, p. 267.

As to the second objection, the same question was before this court in the case of *Moore* v. *The State*, at the present term, and it was said : " We are of opinion the words ' in the State prison ' are equivalent to the State penitentiary, that being the only State prison known to the law." *Ante*, p. 24.

The indictment charged the offence to have been committed on the twenty-ninth day of June, 1878. In his charge to the jury, the judge, in the preliminary statement of the nature of the case on trial, tells them that defendant is charged with rape " alleged to have been committed on the 29th day of June, A. D. 1879." It is too plain to admit of controversy that the mistake in the year is one entirely clerical, and one which could not possibly mislead the jury. In the succeeding paragraph, which was really the first of the charge proper, he tells the jury, " In this case, to convict the defendant it must be shown to your satisfaction, *first*, that the defendant did, in the said county of Somervell, at or about the time laid in the indictment, have carnal knowledge of the said Frances Thomas," etc. Again, in the fourth paragraph, " If, therefore, you believe from the evidence that the defendant, at or about the time and in the county laid in the indictment," etc. The same phraseology is again used in the fifth paragraph, the attention of the jury being all the time called to the date as alleged in the indictment, and which indictment they had with them in their retirement when they were considering their findings.

The charge is not liable to any of the criticisms made upon it in the assignment of errors or brief of counsel; it is a clear, full, and forcible presentation of the law applicable to the case, and one which for fairness cannot in reason be complained of by defendant.

Defendant has to all appearances been fairly and impartially tried and convicted of one of the most heinous offences known to our law, and, where death might have been inflicted (Penal Code, art. 534), he has received the mildest possible punishment. We see no error in his trial and conviction, and the judgment is therefore affirmed.

*Affirmed.*